

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

CHELSEA WEISBORD
CWEISBORD@SOKOLOFFSTERN.COM

August 8, 2022

Via ECF
Honorable Andrew E. Krause
United States Magistrate Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

          Re:   *LeRoy v. Livingston Manor Central School District et al.*
                Docket No. 21-cv-6008 (NSR)
                File No. 210106

Your Honor:

      This firm represents the Defendants. I write concerning certain issues that arose during plaintiff's deposition, and to request an extension of time to complete fact discovery.

### ISSUES REGARDING PLAINTIFF'S DEPOSITION AND DISCOVERY

      On Friday August, 5, 2022, I commenced Plaintiff's deposition, which I was unable to complete because Plaintiff had to end early due to a military-related commitment.

      During the deposition, I marked as an exhibit a March 2021 photograph Plaintiff took of two other students on school grounds. When the April 19, 2021 photographs referenced in the Amended Complaint circulated within the school community, the March photograph circulated as well. Plaintiff was questioned about this photograph in connection with the District's investigation, as well as during the Superintendent's hearing, where the March 2021 photograph was marked as an exhibit.

      Plaintiff's counsel objected and directed his client not to answer any questions pertaining to the March photograph—on relevancy grounds. I stopped the deposition and called the Court for a ruling; however, we were directed to file a letter because Your Honor was conducting a trial. We broke for the day shortly thereafter.

      Plaintiff's counsel only objected on relevancy grounds; he did not assert a privilege or any other basis to warrant instructing his client not to answer my questions. It is well settled that relevancy is not a proper basis to direct a witness not to answer questions during a deposition. *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (holding "it

SOKOLOFF STERN LLP

Honorable Andrew E. Krause
August 8, 2022
Page 2 of 3

is improper to instruct a witness to not answer a question on the basis of relevance"); *Cordero v. City of New York*, No. 15CV3436JBWCLP, 2017 WL 2116699, at *8 (E.D.N.Y. May 12, 2017) (holding lack of relevance is not an appropriate objection to raise during a deposition). In any event, the March 2021 photograph, which depicts a White student pinning a Black student's head on a desk, and which Plaintiff circulated through social media, is directly relevant to the issue in this case. Plaintiff asserts in this case that he had no intent to mirror the George Floyd incident when he posted a captioned version of the April 2021 photo ("Cops Got Another") while the jury deliberated in that case. His other, similar, posting is, at a minimum, reasonably calculated to lead to the discovery of admissible evidence.

We also learned during Plaintiff's deposition that—despite all the litigation to date over his failure to provide document discovery—he never actually searched for documents (electronic or otherwise) or other information responsive to Defendants' discovery demands. For instance, Plaintiff testified he viewed Facebook posts and comments discussing the April 2021 social media posts. But Plaintiff testified he never searched his phone and/or social media accounts for any of this documentation we had specifically requested. In fact, he testified he did not perform any searches of his electronic devices. In light of this testimony, I respectfully request that the Court compel Plaintiff to search his devices and social media accounts for all responsive information, and provide it prior to his continued deposition.

### REQUEST FOR AN EXTENSION

I respectfully request, with Plaintiff's consent, an extension of the deadline to complete fact discovery (including non-expert depositions) from August 15, 2022 to October 14, 2022, which is the current deadline for all discovery.

This extension is necessary because I will likely not be able to complete Plaintiff's deposition by the current August 15th deadline. Plaintiff is in the military, with limited availability. If the Court orders Plaintiff to supplement discovery, I would like to have these materials before completing his deposition. Finally, I plan to depose Plaintiff's parents and the two students who were present when the April 19 photograph was taken, as Plaintiff identified them as potential witnesses in his Rule 26(a) disclosure.

Since the parties do not anticipate expert discovery on any substantive issues, this extension will provide us with the additional time needed to complete fact discovery without affecting the Court's case management scheduling order or otherwise delaying this matter.

SOKOLOFF STERN LLP

Honorable Andrew E. Krause
August 8, 2022
Page 3 of 3

Thank you for your consideration of this matter.

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

**Defendants' letter motion (ECF No. 28) is GRANTED, and Plaintiff's "counter motion" (ECF No. 29) is DENIED.**

(1) Plaintiff's relevance objection to Defendants' line of deposition questioning regarding the March 2021 photograph is overruled.  "Plaintiff's counsel did not assert a privilege, a court limitation, or a Rule 30(d)(3) motion.  Instead, Plaintiff's counsel instructed [Mr. Leroy] not to answer based on relevancy grounds, notwithstanding the fact that it is improper to instruct a witness not to answer a question on the basis of relevance."  *Fashion Exchange LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (quotation marks omitted).  Counsel's arguments in support of his objection (ECF No. 29) are unavailing.  The use of March 2021 photograph, and any testimony about the circumstances surrounding that photograph, may or may not be appropriate at trial, and those questions can be litigated at or around the time of trial via motions in *limine* or objections in court.  At this stage of the proceedings, it is certainly reasonable for Defendants to question Plaintiff about this subject at his deposition.

(2) Plaintiff's counsel does not even respond to the assertion that his client did not perform any searches of his electronic devices and/or social media accounts for the information requested during discovery.  The fact that no such searches were conducted, given the nature of the discovery demands, is unacceptable.  Plaintiff is hereby ordered to search his electronic devices and social media accounts for any information responsive to Defendants' document requests or interrogatories.  Any responsive material must be produced by September 9, 2022; if there is no responsive material, Plaintiff's counsel must confirm this in writing to Defendants' counsel by that same date.  If Plaintiff fails to comply with this order, the Court will consider whether sanctions are appropriate.  To be clear, the Court is allowing this three-week period of time for review in recognition of the fact that Plaintiff is on active military duty and accordingly, that an earlier compliance deadline might be logistically problematic.  No extensions of the September 9, 2022 deadline will be granted based solely on Plaintiff's active duty status.

(3) The deadline to complete fact discovery is hereby extended to October 14, 2022.  The status conference with Magistrate Judge Krause currently scheduled for September 8, 2022 is hereby ADJOURNED to October 13, 2022 at 11:30 a.m.  In addition, the parties are directed to write to Judge Román to request that the post-discovery conference with Judge Román (*see* ECF No. 26 ¶ 21) be rescheduled to a date after the deadline for completion of all discovery.

(4) The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 28 and 29.

Dated: August 18, 2022