UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CASE LEROY,

                       Plaintiff,

    -against-

LIVINGSTON MANOR CENTRAL SCHOOL DISTRICT and JOHN P. EVANS, in his capacity as Superintendent of Schools of Livingston Manor Central School District,

                       Defendants.
-------------------------------------------------------------------X

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Docket No: 21-cv-6008 (NSR)

       Defendants LIVINGSTON MANOR CENTRAL SCHOOL DISTRICT and JOHN EVANS, by their attorneys, Sokoloff Stern LLP, respond to Plaintiff's Statement of Material Facts as follows:

       1.    *On or about April 24, 2021, plaintiff's parents received a letter from John Evans (hereinafter referred to as "Evans") containing five charges that were being brought against him and notifying them that a hearing would be held with respect to them on April 27, 2021. See Exhibit C to affidavit of plaintiff in support of his motion for a preliminary injunction.*

**Response:**    Undisputed.

       2.    *On April 27, 2021, plaintiff attended the hearing along with his parents. He testified consistently with what he had told Evans in an interview on April 20, 2021. See page 25 of the transcript of the hearing.*

**Response:**    Undisputed that the referenced portions of Plaintiff's hearing testimony were consistent with his statement to Evans. (Ex. I, pp. 25-26.)

       3.    *On April 20, 2021, Evans convened an assembly of all of the students in grade 7 to 12 to address the matter and told the students and faculty that "a lot of people viewed [the*

*photographs] as racist in nature", that "it had no place in our school" and that "it was being addressed and being investigated." See page 25 of the transcript of the hearing.*

**Response:** Undisputed that this was Superintendent Evans' testimony at Plaintiff's Superintendent's hearing held on April 27, 2021, but note the testimony is reflected on pages 28-2929 of the hearing transcript, not page 25. (*See* Ex. I at pp. 28-29.)

4. *On April 28, 2021, the hearing examiner, Kate Reid, Esq., issued a document entitled "Findings of Fact and Recommendation". In it she found plaintiff guilty of the first charge of "Engaging in any willful act which disrupts the normal operation of the school community" and the fifth charge of "Engage in off-campus misconduct which interferes with, or can reasonably be expected to substantially disrupt the educational process in the school or at a school function." She found plaintiff not guilty of the three other charges. In particular, she did not find that plaintiff discriminated against or harassed anyone and recommended that in addition to the five-day suspension which plaintiff had already served, that he be further suspended from attending classes until May 21, 2021. See Exhibit E to affidavit of plaintiff in support of motion for a preliminary injunction.*

**Response:** Undisputed that the Hearing Officer recommended Plaintiff be suspended through May 21 with the option to return early on May 10 if he signed a student contract. (*See* Def. 56., ¶ 145 (citing Ex. OO; Evans Aff., ¶¶ 33-45.)

Disputed that the Hearing Officer "did not find that plaintiff discriminated against or harassed anyone." The Hearing Officer made no such finding, but merely determined that the District sustained its burden of proof with respect to two of the five charges, but not for the remaining three charges. (Ex. OO at p. 3.)

5. *Evans did not fully adopt the recommendation of the hearing examiner and, in*

*addition to suspending plaintiff from attending classes through May 21, 2021, suspended him from participating in any extracurricular activities for the remainder of the school year, including participation as a member of the school's football team in the championship football game, participation as a member of the school's baseball team, the senior trip, the senior prom and attending graduation ceremonies. See Exhibit F to affidavit of plaintiff in support of motion for a preliminary injunction.*

**Response:**   Disputed that Superintendent Evans "did not fully adopt the recommendation of the hearing examiner," but otherwise undisputed. After reviewing the Hearing Officer's recommendations and the full hearing record, Superintendent Evans accepted the Hearing Officer's findings, and suspended Plaintiff for a period of instruction through May 21, 2021, and from non-academic, extracurricular activities, for the remainder of the 2020-2021 school year, including the graduation ceremony. (*See* Def. 56.1, ¶ 152(citing Evans Aff., ¶ 36; Ex. PP).)

6.   *Plaintiff appealed the decision of the Superintendent to the School Board, which refused to change the findings or the discipline impose. See paragraph 32 of the Amended Verified Complaint, admitted by defendant in its answer.*

**Response:**   Undisputed that the Board upheld the findings and discipline imposed.

7.   *The original photograph which gave rise to plaintiff being disciplined was not taken on or even near school grounds, nor was it posted on any website created or sanctioned by the School District. Its content did not depict or mention the school, any employee or staff member thereof, or any student. See paragraph 33 of the Amended Verified Complaint, admitted by defendant in its answer, and Exhibit A to affidavit of plaintiff in support of his motion for a preliminary injunction.*

**Response:**   Disputed. Although the photograph was not taken on school grounds, and was not

posted on a school district website, Plaintiff widely disseminated it to the student body through Snapchat. (Def. 56.1, ¶¶ 13-16 (citing Ex. A, ¶ 17; Ex. CC at pp. 37-38, 97, 101-102, 105-106; Ex. E at p. 80; Ex. F at p. 54; Ex. G at p. 36; Ex. I at pp. 11, 13.)  Many students, parents, and other members of the community found it racist and threatening, complained vociferously to the Defendants about it, and demanded the District take action.  (Def. 56.1, ¶¶ 27-91, 97 (citing Evans Aff., ¶¶ 6-9, 13; Davis Aff., ¶¶ 3-4, 7-9; Towsley Aff., ¶¶ 3-5; Ex. C at pp. 116-118, 126-127, 129, 147-148, 149; Ex. D at p. 202-203, 204-205, 210-211; 238; Ex. E at p. 118; Ex. G at pp. 39, 41-43, 57-58, 72, 73; Ex. I at pp. 22-23, 28-31; Ex.s M-II;  Ex. MM at p. 3.)

8. *An order was entered granting plaintiff's motion for a preliminary injunction. No appeal was taken by defendant therefrom. See document filed in the New York State Supreme Court.*

**Response:**   Undisputed.

Dated: Carle Place, New York
March 24, 2023

                                        SOKOLOFF STERN LLP
                                        *Attorneys for Defendants*

By: Steven C. Stern
Chelsea Weisbord
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 210106

TO:
All counsel of record (via ECF)