UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CASE LEROY,

                          Plaintiff,

       -against-

LIVINGSTON MANOR CENTRAL SCHOOL DISTRICT and JOHN P. EVANS, in his capacity as Superintendent of Schools of Livingston Manor Central School District,

                        Defendants.
-------------------------------------------------------------------X

**ATTORNEY DECLARATION**

Docket No: 21-cv-6008 (NSR) (AEK)

      CHELSEA WEISBORD, an attorney duly admitted to practice before this Court, declares the following to be true, under penalty of perjury:

      1.    I am a member of Sokoloff Stern LLP, attorneys for Defendants Livingston Manor Central School District and John Evans in the above-captioned action, and I am familiar with the facts of this case.

      2.    I submit this Declaration, the attached exhibits, and the accompanying Memorandum of Law in further support of Defendants' motion for summary judgment.

      3.    Attached as Exhibit VV is an excerpt from excerpt of the transcript of the May 5, 2022 Telephone Conference held before the Honorable Andrew E. Krause.

      4.    Attached as Exhibit WW is an excerpt from the Livingston Manor Central School District's Code of Conduct.

      5.    I also submit this Declaration to address false allegations in paragraph 3 of the May 19, 2023 Reply Declaration of plaintiff's counsel Jerome T. Dorfman, who claims Defendants' moving papers used derogatory terms to describe Plaintiff, including terms such as "despicable," "disgusting," and "racist." Defendants' summary judgment papers say nothing of the sort.

1

6. Plaintiff's counsel improperly equates characterizing a photograph as racist to calling a person racist. Plaintiff's counsel pulls the words "despicable," and "disgusting" directly from emails Defendants included as exhibits submitted in connection with the summary judgment motions. (See Def. 56.1 ¶¶ 37-92; Ex. M-II.) These emails demonstrate the substantial disruption caused by Plaintiff's social media post, a primary legal issue in the case.

7. I also submit this Declaration to address some of Plaintiff's general objections to *Defendants' Local Rule 56.1 Statement of Undisputed Material Facts* (hereinafter "Defendants' 56.1 Statement").

8. Plaintiff objects to all affidavits submitted by Defendants on the grounds that "plaintiff has not had an opportunity to cross-examine the affiants and until such time as he has that opportunity, they are merely contentions." (*See* Pl. Resp. to Def. 56.1 at p. 1.) But it was Plaintiff's choice to not depose any District administrators or employees. Plaintiff's counsel told me on multiple occasions that he did not intend to take any depositions. He even made this statement at more than one court conference, on the record. For example, at a May 5, 2022 conference Magistrate Judge Andrew Krause and Plaintiff's counsel engaged in the following exchange:

> THE COURT: Now, Mr. Dorfman, have you served your requests for production and interrogatories on the defendants?
>
> MR. DORFMAN: No. And I don't intend to. There is really nothing that I need to discover. This case, I'm sure you've reviewed it, consists of two claims. This case, I'm sure you've reviewed it, consists of two claims. One is a violation of his civil rights. That speaks for itself. He was suspended from school, after-school activities, and we know what those were. It's not a subject of dispute and it's really a question of law on that issue. The only other issue is one regarding a defamation claim, and as far as that's concerned, we have admission on the record that the Superintendent made certain statements, that he called an assembly. So I don't need to depose the superintendent. I have all of the facts immutable and there is -- there are, as far as I know, no documents that I need, but perhaps I might request internal documents that we have not seen.

> THE COURT: Well, right. I mean, I was surprised that you were saying that you wouldn't need any documents because you know the final decision, but you might -- often in cases like this, there are requests for communications that led to that decision. I'm not saying that those are necessarily all producible. There are various objections that might be lodged to those. But, look, I'm not going to tell you how to litigate your case, Mr. Dorfman, but I'm going to set a deadline of May 12th, the same May 12th deadline, for you to serve any document demands or interrogatories on the defendants. Okay?
>
> MR. DORFMAN: That's fine.

(Ex. YY.)

9. While Plaintiff's counsel ultimately served some written discovery requests, he never served any notices of deposition or otherwise indicated, in writing, verbally, or otherwise, that he had any intention of deposing any District administrators or employees. Without any deposition testimony, Defendants' only option in creating a full summary judgment record was to submit comprehensive affidavits from District personnel.[1] All affiants were timely disclosed as potential witnesses in Defendants' Rule 26(a) Initial Disclosures.

10. Plaintiff also asserted in his response to Defendants' 56.1 Statement, that he did not have an opportunity to question Student B about what transpired at his April 20, 2021 interview with Superintendent Evans and Principal Davis. (*See* Pl. Resp. to Def. 56.1, ¶ 25.) This is also not true. My office served Student B (as well as Student A) with subpoenas and both appeared for depositions, which Plaintiff's counsel attended. I personally deposed Student B, and asked him about the April 20, 2021 interview. Mr. Dorfman could have questioned the witness as well but did not do so. In fact, at the end of Student A's deposition (who testified before Student B), Mr. Dorfman asked the witness some questions, with no objection from me.

---

[1] Rule 56 of the Federal Rules of Civil Procedure expressly permits a party to submit affidavits in support of a summary judgment motion so long as they are based on personal knowledge, set out facts that would be admissible in evidence, and show the affiant is competent to testify on the matters stated. *See* Fed. R. Civ. P. 56(c) (4); Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must short the assertion by … citing to particular parts of materials in the record, including … affidavits.").

11. On May 11, 2023, Plaintiff's counsel requested a copy of Defendants' 56.1 Statement in word format. I emailed him a copy that same day.

Dated: Carle Place, New York
      June 9, 2023

*Chelsea Weisbord*
Chelsea Weisbord
SOKOLOFF STERN LLP
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 210106

TO: All counsel of record (via ECF)