UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CASE LEROY,

                    Plaintiff,

     -against-

LIVINGSTON MANOR CENTRAL SCHOOL DISTRICT and JOHN P. EVANS, in his capacity as Superintendent of Schools of Livingston Manor Central School District,

                   Defendants.
----------------------------------------------------------------X

**ATTORNEY DECLARATION**

Docket No: 21-cv-6008 (NSR) (AEK)

      STEVEN C. STERN, an attorney duly admitted to practice before this Court, declares the following to be true, under penalty of perjury:

      1.    I am a member of Sokoloff Stern LLP, attorneys for Defendants Livingston Manor Central School District and John Evans in the above-captioned action, and I am familiar with the facts of this case.

      2.    I submit this Declaration to address offensive and false allegations in paragraph 4 of the May 19, 2023 Reply Declaration of plaintiff's counsel Jerome T. Dorfman, who claims that I played a "dirty trick" on him by requesting a three-week extension of time to answer the Amended Complaint in this case.

      3.    *First*, extensions of time to respond to complaints are routine and necessary for an attorney who is new to a case to get up to speed and comply with our Rule 11 obligations. In this case, I did not handle the preliminary injunction motion in state court, and I removed the case to federal court shortly after I was retained. I needed the extension to afford me sufficient time to communicate with my client and gather the necessary information from the District so I could answer the complaint in good faith.

1

4. *Second*, Mr. Dorfman's time to serve a Notice of Claim had <u>already expired</u> by the time I requested the extension of time to answer. Plaintiff's defamation claim is alleged to have accrued on April 20, 2021, when Superintendent Evans spoke during a school assembly. Therefore, the 90-day period to file his Notice of Claim <u>expired on July 19, 2021</u>.

5. Plaintiff filed the Amended Complaint in the Supreme Court, Sullivan County on July 2, 2021. (Ex. A.) On July 13, 2021, we timely removed the case to this Court. (Dkt. No. 1.) I spoke with Mr. Dorfman on July 20, 2021, to request a three-week extension for Defendants' deadline to respond to the Complaint; he consented. I followed-up by email thanking him for the courtesy. Later that day, I wrote to the Court requesting the extension of Defendants' deadline to respond to the Amended Complaint, from July 23 to August 13, 2021. (Dkt. No. 3.) My office filed Defendants' Answer to the Amended Complaint on August 13, 2021. (Ex. B.) Plaintiff's deadline to file the Notice of Claim therefore expired (July 19) the day <u>before</u> I requested the courtesy extension (July 20). Accordingly, my request for the extension had no effect on Mr. Dorfman missing the 90-day filing deadline. That was his own doing.

6. *Third*, it was Mr. Dorfman's obligation to serve a notice of claim for his client's defamation claim. It is not up to defense counsel to advise him of his professional responsibilities.

7. *Fourth*, Mr. Dorfman's inflammatory accusation is rendered even more flaccid by the fact he never sought leave to serve a late Notice of Claim after receiving Defendants' Answer on August 13, 2021. Our Answer contained 22 Affirmative Defenses, three of which specifically addressed the Notice of Claim issue (8th – failure to comply with General Municipal Law §§ 50-e, 50-i, 50-h, and Education Law § 3813; 15th – failure to comply with the administrative prerequisites to suit; and 16th – lack of subject matter jurisdiction over Plaintiff's defamation

claim).[1] Yet Mr. Dorfman waited until the summary judgment phase two years later to even raise this issue with the Court, complaining Defendants' three-week extension two years ago was the reason for his failure.

8.  As further discussed in *Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment*, Plaintiff could have sought leave to file a late notice of claim up until July 19, 2022—when the one-year-and-90-day statute of limitations period for his defamation claim expired. He never pursued this option either.

9.  Mr. Dorfman's assertion that "I have no doubt that this tactic of taking advantage of my courtesy was knowingly employed by defendant's counsel" is disingenuous and (perhaps ironically) slanderous.

Dated: Carle Place, New York
       June 9, 2023

*[signature: Stv C. St]*

Steven C. Stern
SOKOLOFF STERN LLP
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 210106

TO:   All counsel of record (via ECF)

---

[1] Defendants were not even required to even include these affirmative defenses, as the failure to comply with the notice of claim requirements goes to the court's subject matter jurisdiction, which cannot be waived and may be raised at any time. *See Fishman v. City of New Rochelle*, 2021 WL 4925518, at *10 (S.D.N.Y. Oct. 19, 2021); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994).