```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

CASE LEROY,

                Plaintiff,

       - against -

LIVINGSTON MANOR CENTRAL SCHOOL DISTRICT and JOHN P. EVANS, in his capacity as Superintendent of Schools of Livingston Manor Central School District,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - x

Docket No. 21-cv-6008(NSR)

**REPLY DECLARATION**

The Clerk of the Court is directed to terminate this motion at ECF No. 74, as it is not a motion; rather, it is a declaration that supports the motion filed at ECF No. 58.

Dated: July 14, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

      JEROME T. DORFMAN, an attorney duly admitted to practice before this Court and the Courts of the State of New York, makes the following declaration in support of plaintiff's motion for summary judgment and in reply to defendant's motion for summary judgment.

      1. I am the attorney for the plaintiff in the within action and am fully familiar with all of the facts set forth herein.

      2. The purpose of this reply declaration is to bring to the attention of the Court two significant facts.

      3. First, defendant has attempted to paint plaintiff as intentionally mocking George Floyd's death, using a variety of derogatory terms such as "despicable," "disgusting," and "racist" to describe him. Defendant subpoenaed plaintiff's records from the BOCES public safety class he attended and unearthed an essay which he wrote in or around October 2020, which it included in its opposition papers filed in the state court proceeding. A copy thereof is annexed hereto as Exhibit 1. In it, plaintiff criticized the manner in which the George Floyd matter was handled by the police, ending

it by saying, "*Therefor this is my personal opinion about the George Floyd case. I think it was going good until the end and I don't think it was justified and I do believe that officer deserved jail time.*" These are hardly the words of someone who was intending to mock George Floyd's death. The state court Justice, in granting the preliminary injunction made particular note of this essay in his decision, which has been previously attached as Exhibit 2 to my Declaration in support of plaintiff's motion.

    4. Second, I wish to bring to the Court's attention the dirtiest trick that was ever played upon me in my 50 years of practice, which was at the hands of defendant's counsel. At the time of that this case was removed to this Court, defendant's answer to the complaint was due. Defendant's counsel called to ask for a courtesy, that being the extension of time for defendant to answer the complaint. I asked him how much time he needed and he requested three additional weeks. As has been my practice throughout my career, I extended him the courtesy. During that three-week period, the 90 days within which plaintiff could file a Notice of Claim expired. When I received defendant's answer, it pleaded a defense that plaintiff had failed to file a Notice of Claim. After seeing the answer, it was apparent that it did not take three additional weeks to formulate it. Defendant's Exhibit B. Had I not extended the courtesy, I would have seen that defense in time to file a Notice of Claim within the 90-day period. I have no doubt that this tactic of taking advantage of my courtesy was knowingly employed by defendant's counsel. As the Court will see in the accompanying Memorandum of Law, plaintiff is requesting that the Court reserve decision on that part of defendant's motion for summary judgment that seeks dismissal of plaintiff's defamation claim and allow plaintiff to move for permission to file a late notice of claim.

WHEREFORE, it is respectfully requested that plaintiff's motion for summary judgment be granted and that defendant's cross-motion for summary judgment be denied.

Dated: May 19, 2023

_____<br>Jerome T. Dorfman

**EXHIBIT 3**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF SULLIVAN

---

CASE LEROY,

                                                                        JUDICIAL SUBPOENA
                                                                       DUCES TECUM

                                                                       Index No. E-2021-968

    -against-

LIVINGSTON MANOR CENTRAL SCHOOL
DISTRICT and JOHN P. EVANS in his capacity
as Superintendent of Schools Of LIVINGSTON
MANOR CENTRAL SCHOOL DISTRICT,
                        Defendants.

---

*THE PEOPLE OF THE STATE OF NEW YORK*

TO:    Robert Dufour, District Superintendent
        Sullivan Board of Cooperative Educational Services (BOCES)
        15 Sullivan Ave.
        Liberty, NY 12754

      **WE COMMAND YOU,** that all business and excuses being laid aside, you appear and attend before the Hon. Julian D. Schreibman, at the Sullivan County Supreme Court, 414 Broadway, Monticello, NY on the 25th day of June, 2021 at 11:30 a.m., in the forenoon of each day, and at any recessed or adjourned date to give testimony in this proceeding on behalf of the Livingston Manor Central School District, and that you bring with you, and produce and certify at the time and place aforesaid, the following:

      Any school or BOCES records and/or reports for **Case Leroy** (DOB 2/7/2003) from 5/1/20 to present which relate to the Public Safety Services course, and/or which, discuss, or mention George Floyd and/or Derek Chauvin, or police misconduct.

      And for failure to appear and produce said records, you will be liable for damages sustained by the Defendants and to forfeit Fifty Dollars ($50.00) in addition thereto.

      In lieu of a personal appearance, the requirements of this subpoena may be met by delivery of the material, properly certified, to the Sullivan County Supreme Court, 414 Broadway, Monticello, NY. All papers or items delivered pursuant to this subpoena shall be accompanied by a copy of this subpoena.

FILED: SULLIVAN COUNTY CLERK 06/24/2021 11:47 AM
NYSCEF DOC. NO. 30

INDEX NO. E2021-968
RECEIVED NYSCEF: 06/24/2021

NYSCEF DOC. NO. 25

RECEIVED NYSCEF: 06/22/2021

Notice to Plaintiff's counsel of this subpoena and Defendant's request thereof is hereby deemed to meet the notice requirements of the Family Educational Rights and Privacy Act (FERPA).

Dated: 6/21/21

_____
Hon. Julian D. Schreibman

# CERTIFICATION

STATE OF NEW YORK
COUNTY OF SULLIVAN

Pursuant to CPLR § 2307, I, Robert M. Dufour, am the Superintendent of the Sullivan BOCES Central School District. I have made or caused to be made a diligent search of the school records of the School District concerning the records of Case Leroy.

I have examined the attached records and compared them to the originals on file with the School District and find them to be complete and accurate copies.

Witness my hand and seal of my office at __7:00__ a.m./p.m., on the __23__ the day of June 2021.

_____
Robert M. Dufour

Sworn to before me this 23rd
day of June, 2021

_____
Notary Public
LORI A. ANSBRO
Notary Public, State of New York
Sullivan County Clerk's # 1976
Commission Expires February 8, 2022




Patrol Operations 2020-2021 P.M.
P.M.

Instructions    Student work

# Use of force essay

Dennis Barnett • Sep 30, 2020 (Edited Oct 2, 2020)

100 points                                              Due Oct 5, 2020, 2:00 PM

Choose one of the use of force cases that we have discussed for the past week. Create a Google Doc and in a 5 paragraph essay explain wether you feel the use of force used in the police/suspect altercation was justified or not justified. Remember give three paragraphs to back up your thesis statement and use the paragraph organizer provided in the classroom.

 Class comments



In the George Floyd case I think it was justified until the end. There were 3 things they did wrong, they put their knee on his neck. They let the new guy lead, and they were nervous.

 The first thing they did wrong was they let the newer guy lead. This was a big mistake on their part because the new guy was more nervous and it caused him to make a few mistakes and caused everything to go bad in a matter of minutes because of the fact that he used bad tactics and killed this man.

 The 2nd reason is because the new guy who was only there for 2 years was in charge so i think he was nervous of a mess up or doing something wrong, but because he was nervous it caused him to mess up big time and even later caused him to serve jail time.

 The 3rd reason is they never learned the tactic where you put your knee on someone's neck. This was the whole uprising of why it went bad; it was good until they killed George Floyd. They should have put the cuffs on and sat him up even though he was resisting he should not have been laid down for that long. Also the officers around should of stepped up and say you can't do that because they knew it was wrong and they knew they never learned that at the academy

 Therefore this is my personal opinion about the George Floyd case. I think it was going good until the end i dont think it was justified and I do believe that officer deserved jail time.