UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

CASE LEROY,

                                            Docket No. 21-cv-6008(NSR)

                    Plaintiff,        **DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

            - against-

LIVINGSTON MANOR CENTRAL SCHOOL
DISTRICT and JOHN P. EVANS, in his
capacity as Superintendent of Schools of
Livingston Manor Central School District,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - x

      JEROME T. DORFMAN, an attorney duly admitted to practice before this Court and the Courts of the State of New York, makes the following declaration in support of plaintiff's motion for summary judgment.

      1. I am the attorney for the plaintiff in the within action and am fully familiar with all of the facts set forth herein.

      2. This action was originally commenced in the Supreme Court of the State of New York and was removed to this Court by defendant following the issuance of a preliminary injunction against it.

      3. Plaintiff's amended verified complaint, a copy of which is annexed hereto as <u>Exhibit 1</u>, alleges three causes of action. The first cause of action in plaintiff's original verified complaint sought a permanent injunction directing 1) immediate reinstatement of his rights and privileges as a student, 2) a declaration that the acts of the defendants were unconstitutional, 3) for the complete expungement of any reference to his suspension from attending classes and from participation in

school activities from his transcripts and student files, and 4) for changes in the policies and procedures of the School District, so that the same does not happen to his sibling or any other student. In view of the granting of a preliminary injunction to plaintiff, his complaint was amended to eliminate the request of reinstatement of his rights and privileges as a student, since the only right that was capable of being remedied was his ability to attend graduation ceremonies, which the preliminary injunction granted.

4. Plaintiff's second cause of action seeks damages and attorney's fees for violation of plaintiff's civil rights under the First Amendment to the United States Constitution, pursuant to 42 U.S.C. §§1983 and 1988 and Article I §8 of the Constitution of the State of New York.

5. Plaintiff's third cause of action seeks damages for defamation of plaintiff's character by reason of the statements made by defendant's Superintendent of Schools to all of the students in grades 7-12 at an assembly called by him, which can only be interpreted as calling plaintiff a "racist."

6. The facts surrounding this action are set forth at length in the Amended Complaint. Accordingly, there is no reason to reiterate them herein.

### The First and Second Causes of Action

7. As noted above, plaintiff's first and second causes of action are based upon defendant's violation of plaintiff's civil rights. The first cause of action seeks injunctive relief, while the second cause of action seeks monetary damages and attorney's fees. There are no genuine issues of material fact with regard to those causes of action. It is indisputable that plaintiff was suspended from attending classes for a period of time and was barred from attending any extra-curricular activities for the remainder of the school year, including participation on the school's football and baseball

teams, the senior trip, the senior prom, and attending graduation ceremonies.[1] The only issue is one of law.

8. The issue of law has already been determined by the issuance of a preliminary injunction against defendant. Annexed hereto as <u>Exhibit 2</u> is a transcript of the bench decision of the State Court. In doing so, the Court found that there was a substantial likelihood of success on the merits. Absent a change in facts or law, that "constitutes law of the case" and cannot be relitigated by defendant. The facts have not changed, nor has the law. Moreover, as discussed at length in the accompanying Memorandum of Law, the United States Supreme Court has definitively held that a student cannot be disciplined for his or her out of school speech that has no nexus to the school, its faculty, students, or employees. Accordingly, plaintiff is entitled to summary judgment on his first and second causes of action.

## The Third Cause of Action

9. As with the first and second causes of action, the facts are not in dispute. Plaintiff's Superintendent of Schools admittedly that he called an assembly of all of the students in grades 7-12, at which he stated, "a lot of people viewed [the photograph briefly posted by plaintiff] as racist in nature", that "it had no place in our school" and that "it was being addressed and being investigated." Following that, he suspended plaintiff. That can only be viewed as a statement by him that plaintiff was a racist. It is *per se* defamatory.

---

[1] Although the suspension also included the "senior breakfast", defendant relented on that and allowed plaintiff to attend that event after the commencement of this action. Upon the issuance of a preliminary injunction against defendant, plaintiff's suspension from attending graduation ceremonies became moot.

**Defendant's Affirmative Defenses**

10. Defendant's answer to plaintiff's complaint is riddled with frivolous denials and affirmative defenses.[2]

11. Defendant has pleaded 22 affirmative defenses in its answer to the amended verified complaint. Those defenses range from not constituting an affirmative defense to outright frivolous.

12. Defendant's first affirmative defense is that the complaint fails to state a claim upon which relief can be granted. Plainly, it does.

13. Defendant's second, third, fourth, fifth, twelfth, fourteenth, nineteenth, twentieth, twenty-first, twenty-second, and twenty third affirmative defenses are statements, not affirmative defenses.

14. Defendant's sixth affirmative defense, that "plaintiff has unclean hands", is inapplicable to an action at law.

15. Defendant's seventh affirmative defense is that "Any injury alleged to have been sustained resulted from the plaintiff's own a culpable conduct, or the culpable conduct of third parties, and was not the proximate result of any act of the answering defendants." Essentially this is an allegation of contributory negligence, a defense that is applicable to a personal injury lawsuit, but not one alleging a civil rights violation or an intentional tort, such as a defamation action.

---

[2] Defendant denied allegation in paragraph 1, that "At all of the times hereinafter mentioned, plaintiff was and still is a resident of the State of New York, County of Sullivan and a student at Livingston Manor High School."

Defendant denied having knowledge or information sufficient to form a belief as the the allegation in paragraph 12, that "Plaintiff is also a student in a "public safety" program given by BOCES, in connection with which he wrote an essay which he concluded by saying, 'Therefore this is my personal opinion about the George Floyd case. I think it was going good until the end i dont (sic) think it was justified and I do believe that officer deserved jail time.' In fact, defendant subpoenaed plaintiff's records of the BOCES program and included the essay in its opposition papers to the motion for a preliminary injunction.

Plainly, defendant cannot blame plaintiff or any other person for suspending him in violation of his civil rights or for uttering defamatory statements about plaintiff. That is just another way of saying that defendant was justified in suspending him or defaming him. As stated above, as a matter of law, a student cannot be disciplined for his or her out of school speech that has no nexus to the school, its faculty, students, or employees. Justification is not a defense to these causes of action. Significantly, defendant has not pleaded truth as an affirmative defense to the defamation cause of action.

16. Defendant's tenth affirmative defense states that plaintiff failed to identify the defendants defamatory statements, the time they were made, and to whom they were published. Those particulars are clearly pleaded in paragraph 29 of the amended verified complaint.

17. Defendant's eleventh affirmative defense states that plaintiff failed to mitigate his damages. Again, this is a concept that is inapplicable to a civil rights and a defamation action. The damage was complete upon plaintiff's suspension and the utterance of defamatory statements about him. Should plaintiff have gone to the events from which he was barred? Was plaintiff obligated to publish a statement that he wasn't a racist?

18. Defendant's fifteenth affirmative defense states that plaintiff failed to comply with administrative prerequisites to suit. It failed to specify what they are. In fact, defendant admitted the allegation in paragraph 32 of the complaint, that "plaintiff appealed Evans' decision to the School Board, which refused to change the findings or the discipline imposed."

19. Defendant's sixteenth affirmative defense states that this Court lacks jurisdiction of plaintiff's defamation claim. Clearly, this Court has pendent jurisdiction of that claim pursuant to 28 U.S.C. 1367. Indeed, defendant removed the entire action to this Court.

20. In light of the foregoing, it is respectfully requested that the Court grant plaintiff's motion in its entirety, awarding plaintiff summary on both of his causes of action and dismissing the affirmative defenses enumerated above.

Dated: January 30, 2023

                                                  s/_____
                                                       Jerome T. Dorfman