SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
- - - - - - - - - - - - - - - - - - - - - - - -x

CASE LEROY,

                Plaintiff,          Index No. E-2021-968

      -against-            **AMENDED VERIFIED COMPLAINT**

LIVINGSTON MANOR CENTRAL SCHOOL
DISTRICT and JOHN P. EVANS, in his capacity as
Superintendent of Schools of Livingston Manor Central
School District,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff, by his attorney, Jerome T. Dorfman, complaining of the defendants, respectfully alleges, as follows:

1. At all of the times hereinafter mentioned, plaintiff was and still is a resident of the State of New York, County of Sullivan and a student at Livingston Manor High School.

2. Upon information and belief, at all of the times hereinafter mentioned, defendant LIVINGSTON MANOR CENTRAL SCHOOL DISTRICT (hereinafter referred to as "the School District") was and still is a government entity organized and existing pursuant to the laws of the State of New York.

3. Upon information and belief, at all of the times hereinafter mentioned, defendant JOHN P. EVANS (hereinafter referred to as "Evans") was and still is a resident of the State of New York and the Superintendent of Schools of the School District.

4. This complaint is being amended in view of the granting of a preliminary injunction against defendants, which allowed him to participate in graduation ceremonies, thereby rendering some of the injunctive relief that he sought moot, and in view of the disclosure of statements made by Evans to the press, as well as an essay written by plaintiff, in defendants' opposition papers to plaintiff's motion for a preliminary injunction.

5. This is an action for a permanent injunction and money damages arising out of injury and damage suffered by plaintiff Case LeRoy as the result of the unconstitutional actions of the above-named defendants in suspending the plaintiff from school and from school activities in the last two months of his senior year.

6. This action is brought pursuant to the First Amendment to the United States Constitution, which provides that, "Congress shall make no law ... abridging the freedom of speech."

7. This action is also brought pursuant to Constitution of the State of New York Art. I § 8, providing that, "Every citizen may freely speak, write and publish his or

her sentiments on all subjects ... and no law shall be passed to restrain or abridge the liberty of speech or of the press."

8. This action is also brought pursuant to 42 U.S.C. §§ 1983, which provides that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."

9. Plaintiff brings this action for money damages, as well as for 1) a declaration that the acts of the defendants were unconstitutional, 2) for the complete expungement from his transcripts and student files of any reference to his suspension from attending classes and from participation in school activities, and 3) for changes in the policies and procedures of the School District, so that the same does not happen to his sibling or any other student.

10. Plaintiff also brings this action for money damages for defendants' defamation of him, exposing him to public ridicule and threats of violence against him.

## FACTS

11. Plaintiff has been a student in the School District throughout his elementary and secondary education career and has been a member of the high school's football and baseball teams.

12. Plaintiff is also a student in a "public safety" program given by BOCES, in connection with which he wrote an essay which he concluded by saying, "Therefore this is my personal opinion about the George Floyd case. I think it was going good until the end i dont (sic) think it was justified and I do believe that officer deserved jail time."

13. Prior to April 28, 2021, plaintiff has never been the subject of disciplinary action against him.

14. On or about April 19, 2021, plaintiff was with several friends, having driven the sister of one of them to dance class. The friend who drove them asked him to look under his car to determine the cause of a noise he had heard.

15. While plaintiff was looking under the car, one of his friends posed on his back, stating that he was under arrest "for dating a minor", the reference being to the fact that plaintiff was dating a young girl under the age of majority.

16. Another of his friends took a photograph of them on the ground and sent it to plaintiff.

4

17. Going along with the joke, plaintiff posted the photograph to Snapchat, adding the caption, "Cops got another" to it.

18. Minutes later he saw that his friend had re-posted the photograph, changing the caption to "Another one down" and adding a "Black Lives Matter" logo to it.

19. Plaintiff, realizing that the alterations to his original posting changed the entire context of it from being entirely ambiguous as to his intent, to one which could be misinterpreted as making a political statement, told his friend to immediately remove the posting, which he did. Within seven minutes of the original and the altered postings, both were deleted.

20. During that brief period of time, another student in plaintiff's school took a "screen shot" of the second, altered photograph, added plaintiff's name thereto, as well as language decrying it as racist and urging others to bring it to the attention of school authorities. She then disseminated it to a large number of people, including Evans, through social media.

21. The next day plaintiff was asked to come to Evans' office and was asked about the altered photographs. Upon information and belief, Evans had not seen the original photograph that had been posted by plaintiff, only the one that was altered twice and re-posted by the other student. Plaintiff told him the circumstances under which the original photograph was taken, how it had been altered and re-posted, how

it had been altered a second time, and that both the original photograph and his friend's altered one had been removed within minutes of its posting. Immediately after the interview, plaintiff was suspended from classes for five days.

22. On or about April 20, 2021, Evans gave a statement to the Hudson Valley News 12 television station (hereinafter "News 12"), which it included in a story bearing the headline, "4 Sullivan County HS students face disciplinary action for photos that mock George Floyd's death", saying, "On behalf of the Livingston Manor Central School District I apologize for this inappropriate student behavior. Racism cannot and will not be tolerated."

23. Upon information and belief, the only way News 12 could have known that plaintiff was facing discipline was for Evans to have informed them of that fact, as he was the only one who was empowered to discipline plaintiff for the one photograph that he posted.

24. Plaintiff's name having been placed on one or more of the altered photographs that were posted online, it was common knowledge that plaintiff was going to be one of the students who would be subjected to discipline by Evans.

25. The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99), prohibits public disclosure of potential or actual disciplinary

action taken against any student without permission of the student's parents or a court order, neither of which was obtained by the Defendants.

26. By informing News 12 that students would be subjected to discipline, where plaintiff had been publicly identified as one of those students, Evans violated plaintiff's right to privacy under FERPA.

27. On or about April 24, 2021, plaintiff's parents received a letter from Evans containing five charges that were being brought against him and notifying them that a hearing would be held with respect to them on April 27, 2021.

28. On April 27, 2021, plaintiff attended the hearing along with his parents. He testified consistently with what he had told Evans in his interview, which Evans acknowledged in his own testimony.

29. At the hearing, Evans testified that on April 20, 2021, he convened an assembly of all of the students in grades 7 to 12 to address the matter. At the assembly, he told the students and faculty that "a lot of people viewed [the photographs] as racist in nature", that "it had no place in our school" and that "it was being addressed and being investigated." He then allowed some of the students to remain in the school gym and conduct a demonstration, which he and a guidance counselor supervised. By reason of the addition of plaintiff's name to the twice altered photograph, everyone knew that plaintiff was one of the individuals to whom

he was referring. He also testified that he was aware that harassing and threatening comments directed at plaintiff had been posted on social media.

30. On April 28, 2021, the hearing examiner, Kate Reid, Esq., issued a document entitled "Findings of Fact and Recommendation". In it she found plaintiff guilty of the first charge of "Engaging in any willful act which disrupts the normal operation of the school community" and the fifth charge of "Engage in off-campus misconduct which interferes with, or can reasonably be expected to substantially disrupt the educational process in the school or at a school function." She found plaintiff not guilty of the three other charges. In particular, she did not find that plaintiff discriminated against or harassed anyone and recommended that in addition to the five-day suspension which plaintiff had already served, that he be further suspended from attending classes until May 21, 2021.

31. However, Evans did not fully adopt her recommendation and, in addition to suspending plaintiff from attending classes through May 21, 2021, suspended him from participating in any extracurricular activities for the remainder of the school year, including sports, the senior trip, the senior prom, and attending graduation ceremonies. Plaintiff was later allowed to attend classes on condition that he sign a student conduct agreement, which he did because the terms thereof did not include

8

any prohibition that he would not otherwise have observed. But the suspension from extracurricular activities was not rescinded.

32. Plaintiff appealed Evans' decision to the School Board, which refused to change the findings or the discipline imposed.

33. The original photograph which gave rise to plaintiff being disciplined was not taken on or even near school grounds, nor was it posted on any website created or sanctioned by the School District. Its content did not mention the school, any employee or staff member thereof, or any student.

**As and for a First Cause of Action for a Permanent Injunction against the School District and Evans, Directing Them to Expunge Any Reference to Plaintiff's Suspension from his Transcripts and Student Files and Enjoining Them from Disciplining Future Students for Conduct That Has No Nexus to the School**

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this complaint, as though fully set forth herein.

35. The actions of the School District in disciplining plaintiff violated his constitutional right of freedom of speech under the First Amendment to the United States Constitution.

36. The actions of the School District in disciplining plaintiff violated his right of freedom of speech under Article I § 8 of the Constitution of the State of New York.

37. By reason of the foregoing, plaintiff is entitled to a permanent injunction against the School District and Evans, directing them to expunge any reference to his suspension from his transcripts and student files and enjoining them from disciplining future students for conduct that has no nexus to the school.

### As and for a Second Cause of Action Against the School District and Evans for Violation of Plaintiff's Civil Rights

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this complaint, as though fully set forth herein.

39. The School District's suspension of plaintiff from classes and from extracurricular activities, including participating in the school's championship football game, the school's baseball team, the senior trip, the senior prom, and potentially in graduation ceremonies violated plaintiff's right of free speech and expression guaranteed to him under the First Amendment to the United States Constitution, entitling him to recover damages under 42 U.S.C. § 1983 and attorney's fees under 42 U.S.C. § 1988.

40. The illegal and unjustified discipline of plaintiff constituted such an egregious breach of his civil rights that he is entitled to recover punitive damages.

## As and For a Third Cause of Action
## Against the School District for
## Defamation of Plaintiff's Character

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this complaint, as though fully set forth herein.

42. The School District had no interest in, or right to address or investigate the posting of the one photograph by plaintiff, being that it took place entirely outside of school and not at a school function, did not utilize any school resources, and did not reference the school, its faculty, staff, or any student. By convening an assembly of all students in grades 7 through 12, and stating that "a lot of people viewed [the photographs] as racist in nature", that "it had no place in our school" and that "it was being addressed and being investigated", Evans impliedly branded the one photograph that plaintiff had posted as racist in nature and placed the imprimatur of the School District behind that viewpoint.

43. The imposition of discipline against plaintiff, of which the entire student body, parents, and others outside the school community became aware, as well as coverage by the press, including News 12, cemented that opinion in their minds.

44. Evans' statement to News 12 characterized the one photograph that plaintiff posted as mocking George Floyd's death and racist.

11

45. As the result of Evans' statements and the actions of the School District, plaintiff has been defamed and held up to public scorn and ridicule, leading to the public posting of derogatory comments about him and his receiving death threats.

46. Plaintiff has suffered severe mental anguish and lasting damage to his reputation as the result of Evans' statements and the actions of the School District.

47. Plaintiff is entitled to recover punitive damages for the egregious and flagrant defamation of him before the entire student body, as well as the substantial members of the public who viewed his statements on News 12.

WHEREFORE, plaintiff demands judgment as follows:

    a. On his First Cause of Action, that a permanent injunction be issued against the Defendants, directing them to completely expunge from plaintiff's transcripts and student files any reference to his suspension from attending classes and participating in extracurricular activities, and enjoining them from disciplining future students for actions that have no nexus to the school;

    b. On his Second Cause of Action, for compensatory damages in an amount not less than $1 million for violation of his civil rights, for punitive damages in an amount to be determined by the trier of fact, and for reasonable attorneys fees, in accordance with 42 U.S.C. §1988;

      c. On his Third Cause of Action, for compensatory damages in an amount not less than $1 million for defamation of plaintiff's character, for punitive damages in an amount to be determined by the trier of fact, and reasonable attorney's fees under common law;

together with the costs and disbursements of this action.

                                        JEROME T. DORFMAN, ESQ.
                                        Attorney for Plaintiff
                                        8 Breezy Hill Road
                                        Parksville, NY 12768
                                        (845) 747-9403

## VERIFICATION

CASE LeROY, being duly sworn, states as follows:

I am the plaintiff in this action and have read the annexed complaint and know the contents thereof and that the allegations therein are true to my knowledge, except those alleged upon information and belief, and as to those, I believe them to be true.

_____
Case LeRoy

Sworn to before me this
1st day of July, 2021

_____
Notary Public, State of New York

LINDA J. FISK
Notary Public, State of New York
Sullivan County Clerk's #2338
Commission Expires October 11, 2022

14